CHRISTIAN *vs.* THE COLUMBUS & ROME RAILWAY COMPANY.

1. A railroad company is liable in damages for the wrongful homicide of its customer, committed by its depot agent in his office, whilst the customer was lawfully there for the transaction of business with such agent appertaining to his agency. This results from the code, §3033, which renders all railroad companies liable for

damages done by any person in their employment and service, unless their agents have exercised all ordinary care and diligence.

2. Whilst, as a general rule, any mental disease or infirmity which would excuse the agent from criminal responsibility, would also excuse the company from civil responsibility, this would not be available if the company employed the agent and assigned him to duty with knowledge of his insane condition, or of his being subject to sudden fits of insanity.

3. No matter where the contract of employment by the company with the agent was made, the homicide being committed at the place where the agent was assigned to duty, and where he was serving the company at the time of the wrongful act, the cause of action originated at that place, and the superior court of that county has jurisdiction.

March 3, 1888.

Railroads. Damages. Negligence. Torts. Principal and Agent. Jurisdiction. Before Judge WILLIS. Harris Superior Court. April Term, 1887.

Reported in the decision.

L. F. GARRARD, for plaintiff in error.

PEABODY, BRANNON & BATTLE, for defendant.

BLECKLEY, Chief Justice.

Mrs. Christian brought her action against the Columbus and Rome Railway Company, a corporation in this State, for the homicide of her husband. The declaration alleges that her husband, while in the agent's office for the transaction of business pertaining to the agency, the business of the husband with the company, was killed by the agent; and it alleges, moreover, that the agent was subject to disease and abberration of mind, and that the company employed him knowing that fact. His disease was or became at intervals homicidal mania. The declaration was demurred to on two grounds: (1) as not setting out any cause of action; and (2) as not showing jurisdiction of the

court, the action being brought in Harris county where the homicide was committed, and not in Muscogee county where the charter located the principal office of the corporation. The demurrer was sustained, and the suit dismissed.

1. With respect to the cause of action, we hold: that under the code, §3033, a railway company is liable for any damage done by any person in its employment and service, unless the agents of the company have exercised all ordinary and reasonable care and diligence. This is the express provision of the code, and is founded, not upon the act of 1855-6, as indicated in the margin, but upon the act of 1853-4. We think that while the act of 1853-4 may not have been intended originally to be so broad, and may have contemplated a restriction to injuries resulting from the running of trains, etc., the codifiers extended it to all damages caused by persons in the employment and service of railroad companies, whether engaged in running trains, etc. or not; and this provision of the code has been adopted as law by the constitution, and is law now. So that if the agent killed this lady's husband wrongfully, the company is liable for it, under the facts alleged in this declaration.

2. We think also that if the homicide was the result of insanity, and the railroad company was faultless in regard to employing the agent, anything that would excuse the agent criminally for the act would excuse the railroad company civilly. But this declaration alleges that the railroad company employed him knowing of his infirmity, and that, of course, subjects the company to the consequences, if it be true. Their employment of an improper person to come in contact with the public as their agent, would be gross misconduct.

3. With respect to the question of jurisdiction, it was insisted, as the contract between the company and the agent was not made in Harris county, or at all events, as

it did not appear that it was made there, there was no juris-diction save in Muscogee county, where the principal office of the corporation is located.

We think otherwise. No matter where that contract was made, the agent was put to serve the company in Harris county; and the act done by the agent there was the cause of action. The cause of action was not the contract of employment of the agent, but what he did after being employed; and it has been ruled by this court in *Georgia Railroad vs. Oaks*, 52 *Ga.* 410, that a widow suing for the homicide of her husband may bring her action in the county in which the homicide was committed. Code, §3406. The head-notes are to be read as a part of this opinion.

Judgment reversed.