## HAMMOND vs. HIGHTOWER.

BLECKLEY, C. J.—The court did not err in refusing to grant a new trial on any of the fourteen grounds set forth in the motion, or upon all of them taken together.

Judgment affirmed.

November 9, 1888.

New trial. Before Judge RICHARD H. CLARK. Dekalb superior court. March term, 1888.

Miss M. M. Hammond sued J. B. Hightower for assault and battery, alleged to have been committed on October 3d, 1885.

No written plea was filed by defendant.

The testimony of plaintiff showed that she was sixty-three years old at the time of the alleged assault; that she went to the house of defendant's father to collect some money due her, knocked on the door of the dining room and was admitted by another son; that as soon as she entered, four of the sons, defendant being one, began telling her to go, as their father would kill her; that the father came in, caught her by the arm, jerked her to the door, pushed her into the hall and slammed the door in her face; that she then went on the front porch and sat down to put on her overshoes; defendant stood over her, and when she finished caught her by the arm and jerked her across the porch; she caught on a post; he pulled her hands from it and started to throw her down the steps; she told him to let her alone and she would go; he loosed her and she left; she raised no disturbance in the house, had never had fusses with the servants, etc.

Defendant, his father and two brothers, all testified, denying the use of any violent or unnecessary means to expel plaintiff from the house. She entered the house and called for money, which she claimed to be

due her for wages; was very boisterous and disorderly; was asked to go and refused; the father then led her by the arm out of the room; she went upon the porch and continued her boisterous behavior, when defendant took her by the hands and led her down the steps.

Defendant's father, T. J. Hightower, also testified that plaintiff had been employed by him. He owed her $8.00, which he offered to pay, but she refused it, claiming $16.00. She sued him for the money in a justice court, and afterwards came to his house, when the matters above stated occurred. Also, that when she was in his service, she was fussy with the servants; they threatened to quit if she did not quit coming over, and he nailed up a fence between his place and where she was staying, next door. Was told she took it off.

The verdict was for the defendant. A motion for a new trial was made by plaintiff on the following grounds:

(1)–(3) Verdict contrary to law and evidence.

(4) Error in admitting testimony of T. J. Hightower, that plaintiff was fussy when with him with his servants, who threatened to quit if she did not quit coming over; and that he then nailed up a fence between his place and where she was staying, next door.—The error assigned is: No connection or knowledge is brought to defendant; the alleged provocation is too remote from the tort complained of; these provocations were not specially pleaded, and were inadmissible under the appearance plea marked on the general docket by counsel for defendant. (It is not alleged that this evidence was objected to on the trial. The evidence was not admitted as provocation, but to throw light on conduct of plaintiff at time of provocation.)

(5) Error in admitting testimony of T. J. Hightower as to suit against him by plaintiff in a justice court.

The error assigned is the same as in the preceding ground, and also because the testimony was parol as to court papers, the absence of which was not accounted for. (It is not alleged that this evidence was objected to on the trial.)

(6) Error in charging: If defendant is guilty of this (assault and battery), and without lawful justification, then the jury would find damages.—The error assigned is that the charge includes justification, which was not in issue, no plea of justification having been filed.

(7) Error in charging: If defendant used the force as charged, without lawful justification, you would find some damages, but how much depending, as just stated, on the conscience and impartiality of jurors.—Error assigned is the same as just stated.

(8) Error in charging: Any placing of the hands upon the person of another, without legal justification, is an assault and battery.—Same error assigned.

(9) Error in charging: Defendant sets up that he did not commit the offence of assault and battery; that what he did he was justified in doing.—Same assignment.

(10) Error in charging: What the father and head of the house could do legally, the son could do.—Error assigned is, that no such plea or defence was set up, and the charge in its unqualified, general sense is incorrect.

(11) Error in charging: Every man's house is his castle. This is an old expression and comes down to us from those feudal times when the grand people lived in large and fortified houses, which were called castles. In these castles they resisted any entrance, except by permission. From this source has come the expression that every man's house is his castle. In accordance therewith every man's abode, however humble, is his castle, as is said, " even though the winds of heaven may blow through it, and the rain pour into it, the king

of England cannot enter it."—Error assigned is, that it is argumentative and presents the law at more length and force than the defendant was entitled to.

(12) Error in charging : If they had a dispute as to its correctness, and Miss Hammond had chosen to sue her account, then she had no right, while the suit was pending, to go there to dun Mr. T. J. Hightower.—Error assigned is, charges upon testimony illegally admitted; no evidence that suit was pending at the time of the visit ; as unqualified and general statement, without reference to circumstances, it takes the whole matter from the jury and transfers it to the court.

(13) Error in charging : Persecution is not allowed under the right to ask the payment of a debt, nor to make one's self insulting and offensive.—Assigned as error because argumentative and an unfair presentation of the case.

(14) Error in charging : If this lady was requested to leave and would not, and defendant used only such force as was necesary to compel her to leave, there was no assault and battery.—Assigned as error, because plaintiff had a right to dun the elder Hightower, and did not, therefore, become a trespasser on a mere request to leave; in dunning and receiving request to leave, she was not put in a position that permitted defendant to expel her with force.

The motion was overruled, and the plaintiff excepted.

Mayson & Hill, by brief, for plaintiff.

Read & Candler, for defendant.