## CENTRAL OF GEORGIA RAILWAY CO. *v.* MORRIS.

A railroad company is not liable in damages for an assault and battery committed upon an intruder on its premises by an agent or employee who at the time was acting, not within the scope of his employment, but wholly outside of the general authority with which he had been clothed by the company.

Argued November 17, — Decided December 20, 1904.

Action for damages. Before Judge Henry. Floyd superior court. February 2, 1904.

*J. Branham* and *McHenry & Maddox,* for plaintiff in error, cited, on right to resist unlawful attempt to arrest: Penal Code, §896; Civil Code, §5700; *Ga. R.* 91/204; 99/12; 109/522; 114/73, 354; 118/860.

*Seaborn & Barry Wright,* contra, cited Civil Code, § 3817; 20 Am. & Eng. Enc. L. (2d ed.) 163; 118 *Ga.* 340; Fed. Cas. No. 13,943 (1 Cranch, C. C. 45); 9 Ky. 271; 20 Ky. 134; 62 Ill. App. 131.

Evans, J. The error assigned in the bill of exceptions sued out in this case is that the court below overruled a demurrer to the plaintiff's petition, as amended at the trial. The allegations of fact upon which the plaintiff sought to recover were substantially as follows: On October 5, 1902, plaintiff went onto the platform of defendant's freight-depot at the request and invitation of a policeman of the City of Rome, for the purpose of pointing out to the policeman a man in the company's employ whom the policeman desired to arrest for a violation of an ordinance of that city. While standing on the platform, the plaintiff was approached by one J. C. O'Dell, "an employee of defendant in the capacity of trainmaster," who said to him: "I told you not to come around here again bothering my men," or words of similar import, meaning that he had told plaintiff not to bother the employees of the defendant who were under his direction and control, and implying that plaintiff was at the time bothering an employee who was under his control and direction. After so addressing plaintiff, O'Dell violently assaulted him and threw him off the platform into the street, a distance of four feet, in the presence of many bystanders and in a place fully exposed to view by the public, and O'Dell at the same time cursed and abused plaintiff. The said "J. C. O'Dell was an employee of defendant in capacity of trainmaster, as aforesaid, whose duty was to exercise a general supervision over all trainmen and operators, and to report all neglect of duty on the part of employees." The assault upon plaintiff was made because he had come there for the purpose of pointing out to the policeman an employee and trainman who was under the control of O'Dell, and "said O'Dell was acting in his capacity as trainmaster, as aforesaid, and not in his individual capacity." The plaintiff was greatly embarrassed and humiliated by the unlawful and violent battery committed upon him, and his feelings were thereby wounded; and he asks for $2,000 damages.

It is unnecessary to set forth the special grounds of the defendant's demurrer; for, in the view we take of the case, the general

demurrer to the plaintiff's petition should have been sustained. The plaintiff did not go upon the premises of the company at its invitation, express or implied, but upon the invitation of a policeman. There is no pretence that the plaintiff had any business to transact with the company. In this respect the case differs very materially from those of *Christian* v. *Ry. Co.*, 79 *Ga.* 460, s. c. 97 *Ga.* 56, and *Ga. R. Co.* v. *Richmond*, 98 *Ga.* 495. Accordingly, the company owed to the plaintiff no affirmative duty of protection against an unprovoked assault by one of its employees, and can not be held liable in damages for a battery committed by an agent or employee who acted outside of the scope of his authority and upon his individual responsibility. *Ga. R. Co.* v. *Wood*, 94 *Ga.* 124; *Lynch* v. *R. Co.*, 113 *Ga.* 1105. The plaintiff was a mere intruder, and the company had a right to insist upon his departure. If he persisted in remaining, the company could lawfully use such force as was reasonably necessary to eject him from its premises. *Hammond* v. *Hightower*, 82 *Ga.* 290. This right could be exercised by any agent to whom the company had delegated the power to exercise it, the company being responsible, of course, for any abuse of such power by its agent. But it does not appear that O'Dell, the employee who assaulted the plaintiff, was an agent to whom the company had delegated its right to eject intruders from its premises. We are informed by the plaintiff's petition that O'Dell was assuming to act, not in his individual capacity, but in his capacity as trainmaster. His official designation does not warrant the inference that he was placed by the company in charge of its premises and had either express or implied power to determine who were intruders and to protect the company's interests by ejecting persons who he believed came there for the purpose of bothering the employees placed under his control and direction. Therefore, that he assumed to act in his official capacity, rather than as an individual, can not be regarded as sufficient to render the company liable for his actions. The important thing to be considered, and that upon which the right of the plaintiff to recover depends, is whether or not O'Dell acted within the scope of the business for the transaction of which he was employed. As to this all-important matter, the plaintiff simply alleges that the trainmaster's "duty was to exercise a general supervision over all trainmen and opera-

tors, and to report all neglect of duty on the part of employees." There is in the petition no hint that O'Dell was held out by the company as an agent authorized to deal, in its behalf, with the general public in any manner whatsoever, or to perform for it any service save that of exercising a general supervision over a particular branch of its internal affairs. The company had a right to thus limit the field of his usefulness; it was not bound to appoint him its "casual ejector." That it ever, in point of fact, clothed him with authority to take any action with respect to persons coming upon its premises, at or without its invitation, does not appear. The plaintiff's petition is lacking in one of the essential ingredients necessary to a cause of action against the defendant company for the tort complained of, and should have been dismissed on general demurrer.

*Judgment reversed. All the Justices concur.*