*T. J. Shackelford, Cobb, Erwin & Rucker,* contra.

---

### 6403. SEABOARD AIR-LINE RAILWAY *v.* ARRANT.

WADE, J. 1. The verdict in this case has been approved by the trial judge, and its amount ($500) will not justify interference on the part of this court on the ground that it is excessive. Civil Code, §§ 4545, 4399. See also *Western & Atlantic Railroad* v. *Turner,* 72 *Ga.* 292 (53 Am. R. 842); *Georgia Railroad & Banking Co.* v. *Dougherty,* 86 *Ga.* 744 (12 S. E. 747, 22 Am. St. R. 499).

2. The master is liable for the torts of his servants committed in the prosecution and within the scope of his business. Civil Code, § 4413. See also *Southern Railway Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257); *Southern Railway Co.* v. *Chambers,* 126 *Ga.* 404 (4), 408 (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Columbus & Rome Railway Co.* v. *Christian,* 97 *Ga.* 56 (25 S. E. 411); *Christian* v. *Columbus & Rome Railway Co.,* 79 *Ga.* 460 (7 S. E. 216); *Western & Atlantic Railroad* v. *Turner,* supra. In the case under consideration the assault and battery complained of occurred in the office of the defendant company, while the plaintiff was lawfully there for the purpose of transacting, with the agent of the company, business which appertained to his agency, and while actually engaged in the transaction of such business.

(*a*) Whether or not the agent of the defendant was at the time acting within the scope of his employment was a question of fact for the jury. *Winoker* v. *Warfield,* 136 *Ga.* 742 (71 S. E. 1051); *Western & Atlantic Railroad* v. *Turner,* supra. That the servant at the precise moment he committed the assault and battery was acting under the influence of personal anger would not be such a temporary stepping aside from his employment as would relieve the master from liability, though the rule, where an assault and battery is inflicted by the station-agent of a railroad company upon another, is different if it appears that the difficulty which gave rise to the beating arose out of a personal quarrel, and the agent, so far as his participation therein was concerned, acted upon his individual responsibility and not within the scope of his business as an employee of the company. *Lynch* v. *Florida Central & Peninsular Railroad Co.,* 113 *Ga.* 1105 (39 S. E. 411, 54 L. R. A. 810). Here the

difficulty which led to the assault and battery arose out of and in connection with the business of the company which the agent had authority to transact.

3. The defense interposed in the answer as originally filed, to justify the battery of the plaintiff by the agent of the defendant company, that such battery "was provoked by the fact that plaintiff used profane and abusive language" to said agent, was withdrawn by amendment; and the court therefore erred in directing the jury to look to the testimony to ascertain "whether or not the plaintiff used opprobrious words or abusive language to the agent of the defendant company," and in further instructing them that if the plaintiff did so, they must determine whether such opprobrious words or abusive language would amount to a justification of the battery of the plaintiff by said agent. This instruction tended to mislead the jury and to cause them to infer that the battery would not be justified unless they found that opprobrious words and abusive language had in fact been used.

4. The exceptions other than those dealt with above are either without substantial merit or relate to matters which can scarcely recur on another trial, and therefore need not be considered.

*Judgment reversed.*

DECIDED JANUARY 20, 1916.

Action for damages; from city court of Columbus—Judge Tigner. January 30, 1915.

*Henry R. Goetchius, W. de L. Worsley,* for plaintiff in error.
*Hatcher & Hatcher,* contra.