18592, 18604.   ATLANTA BASEBALL COMPANY *v.* LAWRENCE; and *vice versa.*

DECIDED AUGUST 30, 1928.

*Underwood, Haas & Gambrell,* for Atlanta Baseball Company.
*Colquitt & Conyers,* contra.

BELL, J. (After stating the foregoing facts.) The conduct of McLaughlin, the pitcher, in leaving his place upon the grounds and coming into the grandstand, and assaulting the plaintiff, was not within the scope of his employment nor in the prosecution of his master's business, but was his own personal affair in resenting a real or fancied insult. "If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not liable." *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322). Under the circumstances described in the petition, McLaughlin's acts were not the acts of his master, and the latter can not be held liable under the doctrine of respondeat superior, or the master and servant theory. *Georgia R. &c. Co.* v. *Wood,* 94 *Ga.* 124 (21 S. E. 288, 47 Am. St. R. 146) ; *Columbus & Rome Ry. Co.* v. *Christian,* 97 *Ga.* 56 (25 S. E. 411) ; *Georgia R. &c. Co.* v. *Richmond,* 98 *Ga.* 495 (2) (25 S. E. 565) ; *Central of Georgia Ry.*

*Co.* v. *Morris,* 121 *Ga.* 484 (49 S. E. 606, 104 Am. St. R. 164);
*Louisville & Nashville R. Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S.
E. 30); *Brown* v. *Smith & Kelly Co.,* 12 *Ga. App.* 214 (76 S. E.
1082); *Smith* v. *Seaboard Air-Line Railway,* 18 *Ga. App.* 399 (89
S. E. 490); *Central of Georgia Ry. Co.* v. *Stephens,* 20 *Ga. App.*
546 (93 S. E. 175); *Southeastern Fair Association* v. *Wong Jung,*
24 *Ga. App.* 707 (102 S. E. 32); *Daniel* v. *Excelsior Auto Co.,* 31
*Ga. App.* 621 (121 S. E. 692); *Dugger* v. *Central of Georgia Ry.
Co.,* 36 *Ga. App.* 782 (138 S. E. 266).

■ Is the defendant liable as for a breach of duty to the plain-
tiff as an invitee? The proprietor of an amusement park is not an
insurer of the safety of his patrons, but must use ordinary care to
protect them from injury. The rule of liability is expressed in the
Civil Code of 1910, § 4420: "Where the owner or occupier of land,
by express or implied invitation, induces or leads others to come
upon his premises for any lawful purpose, he is liable in damages to
such persons for injuries occasioned by his failure to exercise ordi-
nary care in keeping the premises and approaches safe." Un-
doubtedly the defendant owed to the plaintiff the general duty of
exercising ordinary care for his safety, but the petition wholly fails
to show any breach of that duty. There is nothing to indicate that
the assault, or anything of such character, could or should have
been foreseen or anticipated by the defendant; but the attack ap-
pears to have been the result of a sudden outburst of temper on
the part of McLaughlin, a manifestation quite unusual with players
in general, and one which does not appear to have been of the habit
or disposition of McLaughlin in particular, either within or with-
out the knowledge of the defendant. If the defendant had had good
reason to apprehend that such a thing would probably happen, then
it should have exercised reasonable care to prevent the occurrence,
but it was not required to anticipate the improbable, nor to take
measures to prevent a happening which no reasonable person would
have expected. The assault of which the plaintiff complains ap-
pears to have been a happening of that character. Under the facts
appearing, the plaintiff's case is not stronger than if he had been as-
saulted by some other spectator or invitee upon the defendant's
premises. The petition discloses no breach of duty on the part of
the defendant, and hence fails to show negligence. *Mayor &c. of
Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Andrews* v. *Kinsel,*

114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25) ; *Southern Transportation Co.* v. *Harper,* 118 *Ga.* 672 (2) (45 S. E. 458) ; *Bowers* v. *Southern Ry. Co.,* 10 *Ga. App.* 367 (2) (73 S. E. 677) ; *Mitchell* v. *Schofield's Sons Co.,* 16 *Ga. App.* 686 (6) (85 S. E. 978); *Southern Cotton Oil Co.* v. *Shields,* 23 *Ga. App.* 476 (98 S. E. 408) ; *Harper* v. *Fulton Bag & Cotton Mills,* 21 *Ga. App.* 322 (94 S. E. 286) ; 1 Shearman & Redfield on Negligence, 38, 39 ; Wells *v.* Minneapolis Baseball &c. Assoc., 122 Minn. 327 (142 N. W. 706, 46 L. R. A. (N. S.) 606, Ann. Cas. 1914D, 922). This case is to be distinguished from *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), and other cases cited by counsel for the plaintiff.

Since the petition failed to set forth a cause of action, and since it must therefore be held that the court erred in overruling the general demurrer, it is unnecessary to pass upon the exceptions in the cross-bill to the judgment sustaining the special demurrers (*Willingham* v. *Glover,* 28 *Ga. App.* 394, 111 S. E. 206) ; *Columbus R. Co.* v. *City Mills Co.,* 135 *Ga.* 626 (4) (70 S. E. 242) ; *Erk* v. *Simpson,* 137 *Ga.* 608 (3) (73 S. E. 1065) ; but inasmuch as the case is still pending in the court below, and is subject to further proceedings not inconsistent with the rulings made herein, the dismissal of the cross-bill is without prejudice. *Hosher* v. *Fitzpatrick,* 142 *Ga.* 384 (3) (82 S. E. 1065) ; *MacDonell* v. *South Ga. Live Stock Corp.,* 152 *Ga.* 475 (3) (110 S. E. 227).

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*