21147. FRIEDMAN *et al. v.* MARTIN.

JENKINS,·P. J. This was a suit for damages, brought against the proprietor of a pawn-shop and his employee jointly, on account of an assault and battery alleged to have been committed by the employee upon the plaintiff. The petition alleged, that certain carpenter tools had been stolen from the plaintiff, and that he obtained from the police department an order authorizing him to demand and obtain surrender of such of his tools as he might be able to locate and identify in the possession of the defendant proprietor; that he visited the pawn-shop, presented the order to the employee, and identified a hand-saw as having been stolen from him; that upon his taking the hand-saw into his possession and starting out of the pawn-shop with it, the employee rushed from behind the counter and without provocation assaulted and beat him with a "blackjack." It was alleged that the assault was committed in the presence of the defendant proprietor, who made no .effort to protect the plaintiff or to restrain his servant; that the servant was at the time a clerk in and about the place of business, and at all times was subject to the direction and control of the defendant

proprietor. The court overruled a general demurrer interposed by the defendant proprietor, and to that ruling exception is taken. The jury found in favor of the plaintiff, and the defendants except to the order overruling their motion for a new trial. There is a motion to dismiss the writ of error upon the ground that the brief of the evidence does not appear to have been approved by the trial judge. *Held:*

1. Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to approval of the brief of evidence, or as to the filing of the motion or the brief, or as to the jurisdiction of the judge to entertain the motion at the time he did, and have acquiesced in his entertaining it at that time, no such question can be entertained by the reviewing court. Ga. L. 1911, p. 149 (Park's Code, § 6090 (a)); *Lewis* v. *Phillips-Boyd Pub. Co.*, 18 *Ga. App.* 181 •(89 S. E. 177); *Marietta Fertilizer Co.* v. *Gary*, 22 *Ga.` App.* 604 (2) (96 S. E. 711). Accordingly, the motion to dismiss the writ of error is denied, no question as to the approval of the brief of evidence having been raised in the court below.

2. While it is well settled that "if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected with it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not" (*Savannah Electric Co.* v. *Hodges*, 6 *Ga. App.* 470, 65 S. E. 322); *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497, 499, 144 S. E. 351), in the instant case it can not be said, as a matter of law, that the employee of the defendant proprietor was acting wholly without the scope of his employment, and doing an act entirely disconnected with his employment, in assaulting the plaintiff to prevent the removal by him of goods pledged to his master. Since the question of whether a servant by whose act another is injured was acting within the scope of his employment is ordinarily one to be determined by the jury (*Winoker* v. *Warfield*, 136 *Ga.` 742*, 71 S. E. 1051); *Seaboard Air-Line Ry. Co.* v̇. *Arrant*, 17 *Ga. App.* 489 (2 `a*) 87 S. E. 714), the court did not err in overruling the general demurrer interposed by the defendant proprietor.

3. The court charged the jury as follows: "The court instructs you that the pawn business is a business that is recognized under the law. Whether or not some persons would like to engage in that particular kind of business is not for you to decide. Whether or not some people would approve that particular kind of business is not for you to be influenced by at all; it is a business that is recognized, and, therefore, the one who is engaged in the business is entitled to the benefit of the laws of the State, just like any other man similarly situated would be entitled to the benefit of those laws." This instruction was not error for the reason assigned, that it had "a tendency to create an impression in the minds of the jury that the business is generally looked down upon and would influence the jury to believe that the court was rendering an opinion in the matter." Nor was such charge reasonably calculated to prejudice the jury against the defendants.

4. The charge of the court submitting to the jury as an element of damages loss of time from his employment, alleged to have been suffered by the plaintiff by reason of the injury received when the assault was

committed upon him, while not authorized by any direct evidence supporting such averments of the petition, was not calculated to mislead or confuse the jury, since the court expressly limited a recovery on account of such element of damages to such loss of time as the jury might find from the evidence the plaintiff actually sustained. See, in this connection, *White* v. *Knapp*, 31 *Ga. App.* 344 (7) (120 S. E. 796).

5. The plaintiff having voluntarily written off from the recovery the amount set forth by the petition as damages accruing to his clothing, the charge of the court submitting such element of damages to the jury, even though unauthorized by the evidence, affords the defendants no ground for complaint.

6. The evidence authorized the finding in favor of the plaintiff. It can not be said as a matter of law that the amount of the verdict ($750) was so excessive as to indicate prejudice or bias on the part of the jury, and for no reason assigned can the judgment in favor of the plaintiff be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 17, 1931. REHEARING DENIED AUGUST 29, 1931.

*Robert H. Smith, John O. Owen,* for plaintiffs in error.
*W. O. Slate, J. B. McCallum,* contra.