23372. ATLANTA HUB COMPANY INC. *v.* JONES.

DECIDED OCTOBER 28, 1933.

*Branch & Howard, Bond Almand,* for plaintiff in error.
*Burress & Dillard,* contra.

SUTTON, J. 1. It is true that if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected with it, and injury results to another from such independent act, the servant may be liable, but the master is not. *Atlanta Coca-Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776). In such a case the act of the servant is not the act of his master, and the latter can not be held liable under the doctrine of respondent superior, or the master and servant theory. *Atlanta Baseball Co.* v. *Lawrence,* 38 *Ga. App.* 497, 499 (144 S. E. 351). However, if a tort is committed by a servant in the prosecution of the master's business, that is, if the servant is at the time engaged

in serving the master, the latter will be liable. Civil Code (1910), § 4413; *Fielder* v. *Davison,* 139 *Ga.* 509 (3), 511 (77 S. E. 618); *S. A. L. Ry.* v. *Arrant,* 17 *Ga. App.* 489 (2) (87 S. E. 714).

2. Whether or not the servant was at the time acting within the scope of his employment is generally a question of fact for the jury; *Winoker* v. *Warfield,* 136 *Ga.* 742 (71 S. E. 1051); *Friedman* v. *Martin,* 43 *Ga. App.* 677 (2) (160 S. E. 126).

3. In the instant case it can not be said, as a matter of law, that the collector of the defendant was acting wholly without the scope of his employment and doing an act entirely disconnected therewith, in his efforts to collect a bill due his employer, while under the influence of alcoholic drink and speaking loudly, in saying "By God, I am going to have the money, or else," and in getting a pistol from his automobile and stepping upon the steps of the plaintiff's home, with the pistol, and again saying loudly, "Now, by God, I am going to have the money, or else." The fact that the defendant had not instructed or authorized its collector to pursue an improper course in the collection of bills due it, or to commit a tort, would not necessarily prevent a recovery from the defendant. Such a holding would preclude a recovery from the master for the misfeasance or malfeasance of its servant in practically every master and servant case, because no sensible master would likely instruct his servant to do a thing in an improper way or to commit an unlawful act. A master rarely commands a servant to be negligent, or employs him with the expectation that he will commit a negligent or wilful tort. The true question is, was the collector of the defendant, at the time he used the above words and acted in the above manner in attempting to collect the bill due the defendant, acting in his individual capacity, or as a collector of the defendant company. See *Fielder* v. *Davison,* supra; *Great Atlantic & Pacific Tea Co.* v. *Dowling,* 43 *Ga. App.* 549, 552 (159 S. E. 609).

4. Petitioner alleged that by reason of the acts of the defendant's collector in attempting to collect the bill due it, fearing that the collector was going to injure her and the other members of her family, petitioner being in a delicate physical condition, being eight months pregnant, she could not stand the excitement and fear caused by said collector, and she fainted and fell to the floor, had to be carried to her bed, where she remained unconscious for some

time, and thereby received a severe nervous shock and remained in a nervous condition for about a month, could not sleep at intervals, had nervous spasms, and during the time she was awake she was nervous, excitable, and fearful. She further alleged that the above acts of the defendant's collector were wilful, wanton, and malicious. She sought damages for pain and suffering and punitive damages. The case is in this court on the overruling of a general demurrer to the petition. *Held:*

(*a*) The action was not for a mere negligent tort, but was for a positive and wilful wrong, and in such a case the plaintiff may recover for nervous shock and fright, with or without resulting physical injury. Such "damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." In the instant case, if the allegations be true, they undoubtedly show a wanton, voluntary, and intentional wrong by the defendant's agent. It is alleged that the action of the agent in attempting to collect the bill due the defendant was wilful, wanton, and malicious, and that when said agent made the first threatening, boisterous statement, plaintiff's husband informed him that she was not well and could not stand a disturbance, and asked him to leave their home, but that the agent did not do so, but went to his automobile and got his pistol and returned with it and stepped upon the steps of their home and made the statement that resulted in plaintiff's fainting from fright and fear. *Dunn* v. *Western Union Telegraph Co., 2 Ga. App.* 845 (3) (59 S. E. 189); *Hines* v. *Evans, 25 Ga. App.* 829 (2) (105 S. E. 59); *Young* v. *W. & A. Railroad, 39 Ga. App.* 761, 766.

(*b*) Furthermore, even in the absence of wilfulness or wantonness, the mere wrongful act of the agent will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows, as a direct consequence, physical or mental impairment; and in either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or such resulting physical or mental impairment, as an element of damage. *Williamson* v. *Central of Georgia Ry. Co., 127 Ga.* 125 (56 S. E. 119).

(c)  Moreover, the petition unquestionably sets forth a cause of action for the recovery of nominal as well as punitive damages, and in either view it would have been erroneous to sustain a general demurrer thereto.  *Young* v. *W. & A. Railroad,* supra.

5.  Applying the foregoing rulings, the court did not err in overruling defendant's general demurrer to the petition.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*