27115. MULKEY *v.* GRIFFIN CONSTRUCTION CO. *et al.*

DECIDED NOVEMBER 22, 1938.

*Craighead & Dwyer, Walter A. Sims,* for plaintiff.
*George & John L. Westmoreland,* for defendant.

BROYLES, C. J. 1. "If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not liable." *Savannah Electric Co.* v. *Hodges*, 6 *Ga. App.* 470 (65 S. E. 322) ; *Gomez* v. *Great Atlantic & Pacific Tea Co.*, 48 *Ga. App.* 398 (172 S. E. 750) ; *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490) ; *Henderson* v. *Nolting First Mortgage Cor.*, 184 *Ga.* 724, 733 (193 S. E. 347).

2. Gordon Mulkey brought a suit against T. J. Griffith and the Griffin Construction Company, in which he alleged that he was abused, assaulted, and beaten, without cause, by Griffith, and that as a result of such assault he was badly and permanently injured.

The petition alleged that at the time of the assault Griffith was an employee of the Griffin Construction Company, and that the assault was committed in the prosecution and within the scope of the business of that company. Upon the trial it was admitted by the defendant construction company that at the time of the assault Griffith was an employee of the company, and that the only issue was whether the act of Griffith in assaulting the plaintiff was committed in the prosecution and within the scope of his master's business. After the introduction of evidence for the plaintiff, the court, on motion of counsel for the construction company, awarded a nonsuit and dismissed the case as to that company; and to that judgment the plaintiff excepted. In paragraph 12 of the amended petition appear the following allegations: "That the said T. J. Griffith was employed by the Griffin Construction Company as a workman and carpenter and he was instructed by Mr. Griffin, president of the Griffin Construction Company, to keep pedestrians away from the steel awning that projected over the sidewalk while the same was being repaired, and to keep motorists away from a hole that had been excavated in the street; and that at the time of the assault, the plaintiff was a pedestrian walking under the said steel awning in front of the building, and the said T. J. Griffith in striking plaintiff over the head with the said claw hammer was carrying out the instructions of said Mr. Griffin, president of the Griffin Construction Company, to keep pedestrians away from the said building that was being repaired. The said T. J. Griffith was acting as servant for his master, the Griffin Construction Company, and was carrying out his instructions and was acting within the scope of his employment, even though he was using more force than was necessary to carry out the said instructions." However, upon the trial, the plaintiff failed to prove his case as laid. His own testimony showed that, when he passed the hole in the street and the steel awning, and when T. J. Griffith, without any cause, called him a vile name, he (plaintiff) was riding as a guest in an automobile; that after that the automobile was driven some forty feet entirely beyond the hole, the awning, and Griffith; that he then got out of the car and walked back to where Griffith was standing for the purpose of asking Griffith why he had cursed him; that when he got close to Griffith, and before he said anything, Griffith, without saying anything and for no reason at all, struck him and

knocked him down. The evidence of the plaintiff shows that after he had safely passed the excavation, the awning, and the building being repaired, he voluntarily got out of the automobile, and, for a personal reason of his own, walked back to ask Griffith why he had, for no reason, abused him, and that Griffith then, for no rime or reason, assaulted him. The evidence fails to support the allegations of the petition that the assault upon the plaintiff was made *for the purpose of keeping the plaintiff away from the hole in the street and away from the awning and building that were being repaired,* and, therefore, fails to show that the assault was made in the prosecution and within the scope of the construction company's business. The court did not err in awarding a nonsuit as to the construction company.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*