30786. MORGAN *v.* S. C. JOHNSON & SON INC. *et al.*

DECIDED APRIL 6, 1945. REHEARING DENIED MAY 10, 1945.

*W. George Thomas,* for plaintiff.

*Sol I. Golden, John T. Ferguson,* and *G. B. Tidwell,* for defendants.

FELTON, J. The petition does not set out such a cause of action as to make the defendant corporation, S. C. Johnson & Son Inc., liable for the tort of Hall. Hall was merely a guest at the dinner and was in no way concerned with the duties of arranging the dinner or seeing that the arrangements were carried out. These were the duties of Hancey and Chapman. Hall's complaint was purely personal and concerned only with his individual steak. There is no allegation that Hall was authorized to act for and in behalf of the corporation or that he assumed to do so. In the absence of this essential allegation, and construing the petition most strongly against the plaintiff (*Krueger* v. *MacDougald,* 148 *Ga.* 429, 96 S. E. 867), we must assume that Hall was acting in an individual capacity against the plaintiff, and under these circumstances there can be no ratification of his acts by the corporation. The doctrine of ratification is not applicable against a principal as to the act of a third person who did not assume to act in the name of or under the authority of the principal. *Thompson* v. *Brown,* 121 *Ga.* 814 (49 S. E. 740); *Florida Midland & Georgia R. Co.* v. *Varnedoe,* 81 *Ga.* 175 (7 S. E. 129); *Morgan* v. *Georgia Paving & Construction Co.,* 40 *Ga. App.* 335 (149 S. E. 426); *Swicord* v. *Waxelbaum,* 23 *Ga. App.* 297 (97 S. E. 891). The law is so well settled that a principal is liable for a tort committed by his agent in the business of the principal and within the scope of the agent's employment as to require no citation of authority to support it. The question is, do the allegations of the petition now under consideration make out such a case of liability against the defendants under the application of the established doctrine as

to withstand demurrer? The petition alleges that in arranging for the dinner which the plaintiff was to prepare, Hancey, a factory representative, and Chapman, another employee, were acting for and in behalf of the defendant S. C. Johnson & Son Inc.; and even after construing the petition most strongly against the plaintiff (*Krueger* v. *MacDougald,* supra) the inference is permissible that if Hancey and Chapman were acting within the scope of their employment in arranging the dinner, it was their duty to see that these arrangements were executed effectually and satisfactorily. The petition shows that Hancey, the agent, servant, and employee in charge of the defendant corporation's dinner, entered into a discussion with the headwaiter concerning the type of steak which was being served which resulted in the petitioner's being called to explain why filets mignons instead of T-bone steaks were being served. During this discussion, Hall, another representative of the defendant corporation, present at the dinner as a guest, entered into an altercation with the plaintiff which resulted in an assault and battery by Hall upon the plaintiff in which Hancey and Chapman joined and took part. Under the allegations of the petition we are of the opinion that at least it was a question for the jury whether or not Hancey and Chapman were acting within the scope of their employment in attacking the plaintiff, and that the court erred in sustaining the general demurrer thereto. *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161 (181 S. E. 671), and cit.; *Winoker* v. *Warfield,* 136 *Ga.* 742 (71 S. E. 1051); *American Security Co.* v. *Cook,* 49 *Ga. App.* 723 (176 S. E. 798); *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750); *Personal Finance Company* v. *Whiting,* 48 *Ga. App.* 154 (172 S. E. 111); *Atlanta Hub Co.* v. *Jones,* 47 *Ga. App.* 778 (171 S. E. 470); *Friedman* v. *Martin,* 43 *Ga. App.* 677 (160 S. E. 126); *Seaboard Air-Line Railway Co.* v. *Arrant,* 17 *Ga. App.* 489 (87 S. E. 714); *Century Building Co.* v. *Lewkowitz,* 1 *Ga. App.* 636 (57 S. E. 1036).

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*