43071.   INTERNATIONAL BROTHERHOOD OF BOILER-
MAKERS etc. v. NEWMAN et al.

43072.   INTERNATIONAL BROTHERHOOD OF BOILER-
MAKERS etc., LOCAL NO. 26 v. NEWMAN et al.

Submitted September 6, 1967—Decided November 6, 1967.

*Frank O. Downing, James Edward McAleer,* for appellants.
*Robert J. Duffy, Emery L. Duffy,* for appellees.

HALL, Judge. In order for evidence presented on a motion to demand that a summary judgment be granted, it must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). The question before us is whether the evidence established that there was no genuine issue that the unlawful acts allegedly done by the defendants Barber, Jones and Bland were done in furtherance of the interests of the local and the international, and whether the local and the international conspired with the individual defendants in a common design to further the strike by the alleged unlawful acts, or ratified the alleged unlawful acts. Though the defendants presented evidence on the negative of these issues, evidence of the following facts and other circumstantial evidence was also presented. The local is a unit of the international union. Two representatives of the international, including a vice president, with the local business manager and committee, participated in contract negotiations at the plant which began about 60 days before the strike, in an effort to settle before the strike was called, in May 1963. The president of the local got the international's approval for the strike. The international excused certain members of the local from paying monthly dues during the time of the strike. The international paid weekly benefits to the strikers.

The defendant Barber was a job steward of the union, and as such his duties were to report grievances of members of the union, and he served as a member of the negotiating committee during the strike. The vice president of the international conducted negotiations and came back for some meetings after the strike began and was kept abreast of what was going on, and he knew of newspaper reports of acts of violence involving strik-

ers at the plant and of dynamiting of tanks at the plant, and some of the local officials talked to him about the reports of acts of violence.

The local union business manager telegraphed the president of the international when negotiations broke down and the strike began and thereafter made weekly strike reports to him. The reports communicated that some workers continued to work during the strike and some production was accomplished at the plant, but there was a virtual stoppage and the company had great losses. The reports do not show that any meetings with the company were held or progress in negotiations was made from the end of May until August 13 when a meeting was held. The dynamiting of the plaintiffs' place of business took place on June 20.

The defendant Jones received instructions from the defendant Barber, who was at that time chief union steward at the plant, as to various acts of violence that Barber wanted completed in order to help bring about negotiations with plant officials; on several occasions Jones received shotguns and shells from Barber at the union hall with instructions to go out and shoot up a particular automobile or house, and the name of the individual he wanted harrassed, and also on several occasions received dynamite from Barber at the union hall with instructions where to go to place the dynamite at places of business, residences, or under automobiles of persons working at the plant. One of these places was Ruby's Bar, and in this instance Jones received the dynamite already prepared from Barber at the union hall. Bland met Jones in the parking lot behind the union hall, and Jones and Bland and another man went to the place and parked their automobile, after which they placed the dynamite near the rear wall adjoining a rest room at the plaintiffs' place of business. Jones held the dynamite and Bland lit it, and they heard the explosion as they returned to the car, and went back to the union hall and reported the results to Barber. The plaintiff was then working at the plant, crossing the picket lines, and they wanted to try to scare him. At the time he was on strike Jones received $15 a week from the union, and had been promised additional pay for participation in violence, and one week he was given $30.

594

If a wilful trespass is committed by an agent within the scope of the agency, the assent of the principal will be implied as a matter of law, and in such case it is unnecessary to make proof of an express command or assent, and the principal may be liable for the wilful tort of the agent, done in the prosecution and within the scope of the principal's business. *Planters Cotton Oil Co. v. Baker*, 181 Ga. 161, 163 (181 SE 671); *Frazier v. Southern R. Co.*, 200 Ga. 590, 597 (37 SE2d 774); *Morgan v. S. C. Johnson & Son, Inc.*, 72 Ga. App. 444, 447 (33 SE2d 915).

We cannot say that the evidence as a whole establishes that there is no genuine issue as to whether Barber was an agent of the local and the international to further their interests to make effective the strike and negotiations for settlement, and whether Barber instigated the alleged unlawful acts in the scope of this agency and in the prosecution and within the scope of the business of the local and the international, or whether, as a matter of law, the local and the international did not by implication assent to these acts. "Action in excess of actual or implied authority is no defense" as a matter of law. *Minnesota Mining & Mfg. Co. v. Ellington*, 92 Ga. App. 24, 27 (87 SE2d 665).

The trial court, therefore, did not err in denying the local and the international's motions for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*