**ATTWELL v. RICKETTS.**
No. 4802.

Court of Appeals of District of Columbia.
Submitted January 9, 1930. Decided
February 4, 1930.

C. F. Diggs, of Washington, D. C., for appellant.

R. F. Downing, J. J. Malloy, and F. P. Brassor, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District sustaining appellee's plea of res adjudicata and dismissing appellant's bill.

Maude L. Attwell, wife of appellant, died on the 4th of August, 1925, leaving a last will and testament which was duly admitted to probate and record, and in which appellant is named executor, and under which two unimproved parcels of real estate are devised to appellee, a niece of the testatrix and her only living relative, except appellee's father, A. Lester Tracy, brother and heir of the testatrix. The will named appellant as residuary legatee, and bequeathed to him substantially all the personal property.

On the 9th of September, 1925, appellant, individually and in his capacity as executor, filed a bill in the court below against James L. Sherwood, James L. Sherwood, trustee, Isabel T. Ricketts, A. Lester Tracy, and A. Lester Tracy, trustee. He averred: "The plaintiff brings this suit in his own right as the beneficiary under the said will of the proceeds of sale of certain real property devised by said will to the defendant Isabella D. Tracy, and hereinafter more fully described; because by reason of the contract of sale hereinafter referred to the said devise was revoked and the said real property was converted into personal property and as such bequeathed to plaintiff by said will. * * * "

It was then averred that on the 20th of July, 1925, the testatrix and Sherwood entered into a contract by the terms of which the testatrix sold and Sherwood purchased the real estate devised to Isabel T. Ricketts, appellee herein; that testatrix died before the time provided by the contract for the execution of the deed. The bill prayed that Tracy be adjudged and decreed to be the holder of the legal title to this real estate for the defendant Sherwood; that Tracy, as sole heir at law of the testatrix and trustee, be ordered, within a period fixed by the court, to convey the title to the property to Sherwood upon payment of the purchase money; that Isabel T. Ricketts be required and ordered as devisee under the will, to join in the conveyance; that Sherwood be decreed to hold the purchase money in trust for the benefit of the estate, and that he be ordered to pay the same into the registry of the court. There was also a prayer for general relief.

To this bill Sherwood filed an answer admitting all the allegations of the bill and consenting to the relief prayed.

The other defendants answered the bill and alleged that when testatrix executed the agreement to sell the real estate in question to Sherwood she was of unsound mind and that the execution of the agreement was procured through the undue influence of Attwell. Issue was joined, testimony was taken, and, after hearing, the following order was entered by the court:

"This cause coming on to be heard at this term of court, upon the bill of complaint, the answer of the defendant, James L. Sherwood, the answer and the amendment to the answer of A. Lester Tracy and A. Lester Tracy, Trustee, the answer of Isabel T. Ricketts, and the testimony taken in open court, and having been argued by counsel on both sides, and submitted to the court, it is this 15th day of March, 1928,

"Ordered, adjudged and decreed, that specific performance is denied, the prayers of the bill of complaint are hereby denied, and the bill dismissed."

No appeal was taken from this decree.

On the 26th of March, following, appellant filed the bill in this cause making substantially the same averments that were made in the prior bill, but not making either Sherwood or Tracy parties. Prayers of the bill are that appellee be decreed to have no right, title, or interest in the real estate in question; that title thereto be decreed to pass to appellant as executor and that he be directed "to sell said real estate and to distribute the proceeds from said sale as personal property in accordance with the terms of said last will and testament of Maude L. Attwell, deceased," and, finally, that the court require appellee to execute a deed conveying the real estate described in the petition to appellant as executor, "in order that he may properly administer the said estate."

To this bill, appellee filed an answer again alleging that testatrix was of unsound mind at the time of the execution of the alleged contract of sale, and that the same had been

procured through the undue influence of Attwell. Appellee also embodied in her answer a plea of res adjudicata. In the view we take of the case, it will not be necessary to notice other averments in the answer. The court sustained appellee's plea of res adjudicata and dismissed the bill. Appellant elected not to amend, and prosecuted this appeal.

Appellant, in his brief, states that the question presented in the present suit "is whether or not the contract of sale entered into by the testatrix was a revocation of the devise to appellee and changed the character of the property from real to personal for the purpose of distribution."

In the first suit he averred: "By reason of the contract * * * the said devise was revoked and the said real property was converted into personal property, and as such was bequeathed to plaintiff by said will." The prayers of the bill were framed to that end. The purchaser, Sherwood, in his answer, admitted the averments of the bill and consented to the relief prayed. Defendants, other than Sherwood, in their answer averred that the testatrix was of unsound mind when she entered into the alleged contract of sale and that the same was procured through the undue influence of Attwell. Issue was joined on these averments, and testimony was taken in open court. The issues of fact before the court, therefore, were the mental capacity of the testatrix and whether the contract was procured through the undue influence of Attwell, the appellant herein. The court must have resolved one or both of those issues in favor of the defendants, since specific performance and all the prayers of the bill were denied.

It appearing that the issue of fact presented in this suit was involved and determined against appellant in the prior suit, between the same parties, the decree in that suit operates as an estoppel here. Nalle v. Oyster, 36 App. D. C. 36; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 319, 47 S. Ct. 600, 71 L. Ed. 1069.

This is so because the finding in the prior suit on the issues of mental capacity and undue influence precludes a finding in this suit that the contract of sale was valid, and, unless it was a valid contract, the title to the real estate mentioned therein was not affected. McGowan v. Elroy, 28 App. D. C. 188, 199.

Decree affirmed with costs.

Affirmed.