## LLOYD *v.* MILNER MOTOR COMPANY.

No. 11654. MARCH 9, 1937. REHEARING DENIED MARCH 23, 1937.

*Herschel Parham* and *E. J. Summerour,* for plaintiff.
*Wright & Covington* and *William T. Townsend,* for defendant.

RUSSELL, Chief Justice. Tom Lloyd filed this action against Milner Motor Company. From the petition as amended substantially these facts appear: The motor company, a corporation resident of Floyd County, filed in the city court of Bartow County a suit against Lloyd on certain notes given by him in its favor, and obtained judgment by default. Lloyd had previously purchased from the company a used automobile, paying $50 cash, and executing his notes for $220 principal, which amount represented the unpaid purchase-money. The cash payment and the amount of the notes represented the price of the automobile, together with the carrying charges thereon, being interest, insurance premium, etc. It was provided in the contract that the automobile should be insured against fire, theft, and accident, the purchaser paying the premium, and in the event of loss the insurance would be payable to the motor company, which was the assured under the policy. Accordingly a contract of insurance was issued by the Bankers and Shippers Insurance Company. About two months after the purchase of the automobile and the execution of the notes and the contract, the automobile was wrecked and damaged

by a train. The policy provides that the insurance company shall not be liable until the assured has made all reasonable efforts to collect whatever balance is due by the purchaser of the automobile, and shall have repossessed the automobile; that "where the assured has repossessed the automobile but has failed to collect the overdue balance, . . the assured shall give immediate notice of loss to this company;" that the policy shall cover only the interest of the "Milner Motor Company, dealer, and/or finance organization, against direct loss or damage," and the insurer "shall be liable only if the purchaser" of the automobile "fails to pay his/her notes as direct result of loss or damage occasioned by the peril insured against hereunder, as a result of which it is necessary for the assured to repossess the motor-vehicle and/or to take action against the purchaser to recover on the unpaid notes;" that in the event of the payment of any loss, the insured shall transfer to the insurer the notes and contract against the purchaser, and the insurer shall be subrogated to the rights of the dealer [insured] against the purchaser; and that "in case of action" on such notes to collect the balance due, "the assured . . will allow the same to be brought in his name." The Milner Motor Company filed a claim with the insurance company, obtained from it the sum of $120.83, and executed to the insurer a "loan receipt," which provided that such sum was received "as a loan" on the policy of insurance, "and repayable only to the extent of any net recovery we may make from Tom Lloyd . . by reason of loss to" the automobile sold to him "by collision occuring on the 5th day of December, 1932, and as security for such payment we hereby pledge to the" insurer "the said recovery," and "we agree to institute and prosecute suit against said Tom Lloyd, . . it being understood, however, that such action as may be taken is to be taken under the direction and control of the" insurer.

Lloyd alleges that when the suit was filed in the city court he did not know of this settlement between the motor company and the insurer, and could not plead the same as a defense in that court to the suit on the notes; that he was entitled to the proceeds of any settlement with the insurer or to the benefit thereof; that he inquired of the motor company if there had been any settlement from any insurance company on the automobile, and was told by the motor company that there had been none; that this

was a fraud on him, and prevented him from making any defense to the suit on the notes, which was for $220 and interest; that since the obtaining of the judgment against him in the city court the motor company had caused several garnishments to be issued against him in the city court, and they had been served on his employer; that he had dissolved the garnishments, and his employer had answered each one, setting up that there would be a certain sum due him as wages, had the garnishment not been dissolved and bond given; that these garnishments embarrassed Lloyd and imperiled his position. He prayed that the court take jurisdiction of all matters in controversy appertaining to the case in the city court; that the motor company be restrained from further prosecuting the garnishments, and be enjoined from further harassing and damaging him by causing other garnishments to issue on said judgment, and from seeking to enforce against him the execution issued on the judgment; that the judgment be set aside and declared void; and that he have such other relief as was proper. The Milner Motor Company filed its demurrer and set up that it appeared that the superior court of Bartow County did not have jurisdiction, the demurrant being a resident of Floyd County; that no cause of action was alleged; and that it appeared that a judgment of a court of competent jurisdiction had been rendered, and no facts were alleged which authorize the court to go behind such judgment and to set it aside. The court sustained this demurrer and dismissed Lloyd's petition, and he excepted.

Assuming, but not deciding, that the superior court of Bartow County had jurisdiction, this court is of the opinion that the allegations of the petition present no reason why the plaintiff is entitled to have set aside the judgment against him in the city court, and to have the equitable relief prayed for. It does not appear from his allegations that any fraud, such as would justify the court to set aside the judgment, was practiced upon Lloyd by the Milner Motor Company or by any one else. Lloyd knew, at the time of the filing of the suit in the city court, that he had paid to the motor company a sum of money representing a premium on a policy of insurance to be obtained on the automobile, and he was thereupon put on inquiry whether there was such a policy, which inquiry and diligence would have disclosed the kind and nature of the contract, whether injury to the automobile came within the loss

provisions of the policy; and on inquiry of the insurance company whether any claim for loss had been made by the motor company or any assignee thereof, and whether any payment had been made or settlement effected. It appears from the endorsement attached to the policy that Lloyd had no interest in or right to the proceeds received by reason of any loss or damage to the automobile purchased by him and insured by said policy. This policy, together with the endorsements, was what is known as a "single-interest" policy, and was taken out for the sole benefit of the automobile seller, the Milner Motor Company, or any assignee of the notes and contract given for the purchase-money of the automobile, and the loss was payable to such motor company to the extent of the unpaid purchase-money. Such policy insured only the net loss to the motor company resulting from the failure of the purchaser to pay his notes because of the loss of or damage to the automobile on account of a collision, etc. It was not a policy covering any interest of the purchaser in the automobile. The paying of the premium by the purchaser did not entitle him to the insurance, this being a matter of contract and a part of the consideration. Therefore it does not appear that Lloyd could have set up the payment of $120.83 by the insurance company to the motor company against his indebtedness on the notes, and that payment was no defense to his liability thereon. Neither does it appear that there was such fraud practiced on him or on the court as would entitle him to have set aside the judgment obtained against him in the city court, and its enforcement enjoined. Regardless of the question of jurisdiction of the Milner Motor Company, the court did not err in dismissing Lloyd's petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*