The TRAVELERS INDEMNITY COMPANY, a corporation, Appellant,

v.

The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Appellee.

No. 17573.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 17, 1963.

Decided Oct. 3, 1963.

Kahl K. Spriggs, Washington, D. C., with whom John F. Myers, Washington, D. C., was on the brief, for appellant.

John Jude O'Donnell, Washington, D. C., with whom J. Roy Thompson, Jr., Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

Walker & Dunlop, Inc. sustained losses as a result of an employee's defalcations involving forgeries of checks. Appellant surety paid the amount of the losses to

Walker & Dunlop, Inc. sustained losses cover that sum, as assignee or subrogee, from appellee bank. The District Court

granted appellee's motion to dismiss for failure to state a claim.

Some important commercial jurisdictions hold that where the surety pays the loss, it has a valid claim against the bank.[1] We have said that such a suit would not lie, Washington Mechanics' Savings Bank v. District Title Insurance Co., 62 App.D.C. 194, 65 F.2d 827 (1933), at least in the circumstances of that case.[2]

Before determining whether the principles announced in Washington Mechanics' Bank should be reconsidered, a full trial record should be made showing the relevant commercial and insurance practices of sureties and banks, as well as the facts of this case relevant to an application of the superior equities doctrine as applied in Washington Mechanics' Bank.

Reversed and remanded.

[1] E. g., Standard Acc. Ins. Co. v. Pellecchia, 15 N.J. 162, 104 A.2d 288 (1954); National Surety Co. v. National City Bank, 184 App.Div. 771, 172 N.Y.S. 413 (1918); Grubnau v. Centennial Nat. Bank, 279 Pa. 501, 124 A. 142 (1924). See 11 Appleman, Insurance Law and Practice § 6563 (1944, Supp.1963); 8 Couch, Insurance § 2032 (1931, Cum. Supp.1945, Supp.1963).

[2] But cf. Anacostia Bank v. United States Fidelity & Guaranty Co., 73 App.D.C. 388, 119 F.2d 455 (1941). See generally Comment, 43 Calif.L.Rev. 85 (1955).