G. Robert Witmer, J.
The plaintiff has moved for summary judgment in its action on a check made by defendant to one Vanella in payment for a used automobile, It appears that Vanella deposited the check Avith the plaintiff bank and received credit and cash therefor. Defendant ascertained that Vanella had misrepresented to him that the automobile Avas free of liens, and so defendant stopped payment upon the check. The plaintiff secured partial repayment from Vanella of the money it advanced on the check, and brings this action to collect the balance from the defendant as drawer of the check,
*955 The defendant raises the defense of Vanella’s fraud; and contends that even a holder in due course of the check, as plaintiff concededly is, takes its subject to fraud in the transaction giving rise to issuance of the check; and he relies upon section 3-305 (subd. [2], par. [c]) of the Uniform Commercial Code. This section provides in pertinent part as follows:
“ To the extent that a holder is a holder in due course he takes the instrument free from * * *
“ (2) all defenses of any party to the instrument with whom the holder has not dealt except
“ (c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms ’ ’.
Neither counsel nor I have found any reported case in New York involving this question arising since the effective date of the Uniform Commercial Code, September 27,1964. The quoted section does not appear, however, to have changed the law in New York with respect to the question at bar. The comment under this section in McKinney’s Consolidated Laws of New York (Book 62½, Part 2, § 3-305, Item 7, p. 187) indicates that the section is designed to accord with the great majority of decisions under the prior law to the effect that only fraud as to the nature of the instrument itself signed by the defendant is a defense to an action by a holder in due course. (See Gordon Supply Co. v. South Sea Apts., 23 A D 2d 666; Ram Ind. v. Van De Maele, 20 A D 2d 783; Meadow Brook Nat. Bank v. Rogers, 44 Misc 2d 250; and Merson v. Sun Ins. Co., 44 Misc 2d 131.) It appears that the new section was designed to codify the prior case law in this respect; and that construction of it is adopted by the court.
The defense, therefore, is insufficient in law, and plaintiff’s motion for summary judgment is granted.