42235. GENERAL FIRE & CASUALTY COMPANY v. KUFFREY et al.

PANNELL, Judge. 1. A sale of stolen goods, though to a bona fide purchaser for value, does not divest the title of the person from whom they were stolen, and conveys no sort of title to the purchaser (*Raleigh & G. R. Co. v. Lowe,* 101 Ga. 320, 329 (2, 3) (28 SE 867)) and such purchaser has no insurable interest therein arising out of such sale. *Giles v. Citizens Ins. Co. of Mo.,* 32 Ga. App. 207, 209 (122 SE 890); *Gordon v. Gulf Amer. Fire &c. Co.,* 113 Ga. App. 755 (149 SE2d 725).

2. "Where to a suit upon a policy of fire insurance the defense is interposed that at the time the policy was taken out by the insured he was not the owner of the property thereby covered, the burden of satisfactorily establishing this contention rests upon the defendant, notwithstanding it may be incum-

bent upon the plaintiff, in order to make out a prima facie case, to show that the property in question, alleged to have been destroyed by fire, belonged to him at the time the same was burned." *Morris v. Imperial Ins. Co.,* 106 Ga. 461 (1) (32 SE 595); *Lloyd v. Milner Motor Co.,* 184 Ga. 181 (190 SE 641); *Curtis v. Girard Fire &c. Ins. Co.,* 190 Ga. 854 (11 SE2d 3); *Prince v. Hooks,* 174 Ga. 796 (164 SE 270).

3. The fact that the insured purchased, and received a bill of sale for, an automobile having an identification number either lost or stolen from another automobile of like make, year and model owned by another does not demand a finding that the insured's automobile is a stolen automobile; nor does the fact that title to the automobile owned by another, according to the identification number, was shown by a certificate of registered title under the Act approved March 3, 1961, as amended by the Act approved February 16, 1962 (Ga. L. 1961, p. 68 et seq.; Ga. L. 1962, p. 79 et seq.), to be in such other person deprive the insured of his ownership of the automobile purchased by him so as to prevent his having an insurable interest therein, even though such title certificate is prima facie evidence of the facts appearing on it (Section 11, Paragraph c, Act of 1961, supra), and even though the insured is unable, for that reason, to secure a certificate of title on the automobile purchased by him.

4. "The policy sued upon was not rendered void by its description of the insured automobile by the number of a different automobile, which number, without the knowledge of the policyholder, had been placed on the insured automobile in lieu of its original number." *Giles v. Citizens Ins. Co. of Mo.,* 32 Ga. App. 207, 208 (2), supra.

5. The policy of insurance sued upon contains a subrogation clause as follows: "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights." Where, as here, the insured complies with all the requirements of the insurer except one (including a bill of sale to the automobile and a transfer of the tag registration), the insured's failure to comply with an additional requirement to provide the insurer with a certificate of title under

the Act of 1961, supra, where he is not able to get or obtain such certificate of title because of the identification number, does not prevent a recovery under the policy.

6. In view of the above rulings as applied to the proof submitted in the present case the jury was authorized to find for the plaintiff for recovery of the value of the automobile because of the loss thereof by theft under the terms of the policy sued upon. The trial court did not err in overruling the defendant's motion for nonsuit, its motion for new trial on the general grounds only, and in overruling its motion for judgment notwithstanding the verdict.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED SEPTEMBER 8, 1966—DECIDED JANUARY 19, 1967— REHEARING DENIED FEBRUARY 2, 1967

*Glenville Haldi, Peek, Whaley & Blackburn,* for appellant. *William M. Redman, Jr.,* for appellees.