45987.   MIDDLE GEORGIA LIVESTOCK SALES
v. COMMERCIAL BANK & TRUST COMPANY.

ARGUED MARCH 1, 1971—DECIDED APRIL 29, 1971.

*G. Hughel Harrison, James W. Garner,* for appellant.

*Beck, Goddard, Owen, Squires & Murray, Samuel A. Murray,* for appellee.

DEEN, Judge. The sole question in this case is whether a holder in due course for value of a check given by an innocent maker for the purchase of cattle which turned out to have been stolen may recover the value of such check from the maker. This in turn involves a construction of the controlling section of the Uniform Commercial Code, § 3-305 (2) (b) providing that a holder in due course takes the instrument free from defenses of any party thereto with whom it has not dealt except "such other incapacity, or duress, or illegality of the transaction as renders the obligation of the party a nullity." In its reference to illegal transactions, this appears to be, if anything, a bit narrower in context than former *Code* § 14-510 which was a part of our law from the original Code of 1863 until its repeal by Ga. L. 1967, p. 562 (see *Newcomb v. Niskey's Lake,* 190 Ga. 565 (10 SE2d 51)) and which allowed "immoral and illegal consideration" as a defense against a due course holder. Under the Commercial Code "a holder in due course is subject to the defense of illegality when under the applicable local law such illegality makes the obligation of the defending party a nullity or void, but he is not subject to the defense when the illegality makes the obligation merely voidable." Anderson's Uniform Commercial Code, Vol. 1., § 3-305:14, p. 607. This means that the illegality is considered as of statutory origin and its "existence and effect is left to the law of each state. If under the local law the effect is to render the obligation of the instrument entirely null and void, the defense may be asserted against a holder in due course. If the effect is merely to render the obligation voidable at the election of the obligor, the defense is cut off." Uniform Laws Ann., Uniform Commercial Code, Vol. 2, p. 115, n. 5.

An excellent disquisition on Article 3 of the UCC appears in 23

ALR3d, p. 932 et seq. In § 28 it is stated, citing Pac. Nat. Bk. v. Hernreich, 240 Ark. 114 (398 SW2d 221), that the instruments must be not merely unenforceable but void ab initio under applicable state law to present a defense against a holder in due course.

The case then turns on the question of whether the sale of cattle, presuming the seller possessed guilty knowledge of the fact but the buyer did not, represents an "illegal consideration" so as to render it absolutely void. "A contract to do an immoral or illegal thing is void." *Code* § 20-501. A sale of stolen goods, although to a bona fide purchaser for value, cannot transfer any lawful interest in the property and does not divest the title of the true owner. *General Fire &c. Co. v. Kuffrey,* 115 Ga. App. 121 (1) (153 SE2d 590); *Gordon v. Gulf American Fire &c. Co.,* 113 Ga. App. 755, 759 (149 SE2d 725). Knowingly disposing of stolen property is, like the actual asportation, a type of theft and a statutory offense. *Code Ann.* § 26-1806. Being prohibited by statute, it is an illegal transaction within the meaning of *Code Ann.* § 109A-3— 305 (2) (b) supra, which under the Uniform Commercial Code leaves the determination of what transactions are illegal to be decided under the statute law of the forum. This accords with prior decisions of our courts. In *Smith v. Wood,* 111 Ga. 221, 226 (36 SE 649), it was held: "A note given for something the sale of which the law absolutely prohibits and makes penal is based upon an illegal consideration, and is consequently void in the hands of any holder thereof. The thing for which the note is given is outlawed, and the note standing upon such a foundation is outlawed also." To the same effect see *Johnston Bros. & Co. v. McConnell,* 65 Ga. 129, dealing with a sale of fertilizer prohibited by statute, and holding that contracts for the sale of articles prohibited by statute are not only void as between the parties themselves but gather no vitality by being put in circulation. "To hold otherwise would be to have them transferred as soon as executed, enabling parties claiming to be innocent, and perhaps really so, to collect money upon a consideration the foundation of which would have its existence in the positive violation of a criminal law." Id., p. 132.

It follows that the note is unenforceable even in the hands of a

holder in due course, and the trial court erred in granting summary judgment for the plaintiff.

*Judgment reversed. Bell, C. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. The majority opinion after stating the law generally applicable states "the case then turns on the question of whether the sale of cattle, *presuming the seller possessed guilty knowledge of the fact* but the buyer did not, represents an 'illegal consideration' so as to render it absolutely void." (Emphasis supplied.) The majority then based upon this presumption decide the case. We cannot decide this case based upon a *presumption* of what the facts are. We must decide this case based upon the principles applicable to motions for summary judgment, and what is proven or disproven. Since the defendant here has set up the illegality of the transaction as an affirmative defense in his pleadings, the plaintiff must *affirmatively disprove* an essential element of that defense in order to secure a summary judgment.

Under the old statute, the transaction had to be both immoral and illegal, and if it was made penal by statute the act was illegal and immoral as a matter of law. *Perkins v. Rowland,* 69 Ga. 661, 664. The present statute only requires illegality of the transaction which renders the obligations of the party a nullity. Whether or not the sale of stolen goods by one who has no knowledge that they are stolen is an illegal transaction and a nullity, it is not necessary to decide. However, assuming without deciding, that such a transaction, in order to be a defense to an action upon a negotiable instrument by a holder in due course for value must be in contravention of the statute, that is, that the sale of the stolen property must be made by one who knows or should know it was stolen property, the plaintiff has still failed to pierce the pleadings or disprove an essential element of the affirmative defense of the defendant. It has failed in this respect because it has not shown that the party who sold the stolen cattle to the defendant lacked knowledge that the cattle were stolen. Where one, not having the burden of proof at the trial, makes a motion for summary judgment, such movant must affirmatively disprove an essential element of the other party's case. "This is true because the

burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." 6 Moore's Federal Practice, par. 56.15[3], pp. 2342, 2343. *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205, 206 (163 SE2d 256); *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298); *Werbin & Tenenbaum v. Heard*, 121 Ga. App. 147 (2) (173 SE2d 114); *Central of Ga. R. Co. v. Woolfolk Chemical Works*, 122 Ga. App. 789, 795 (178 SE2d 710). While the defendant upon the trial of the case, would have the burden of affirmatively proving his defense, he has no such burden here on motion for summary judgment by the plaintiff. There is not one shred of evidence disproving the defendant's affirmative defense.