## 53368. CITIZENS NATIONAL BANK OF QUITMAN v. BRAZIL.

DEEN, Presiding Judge.

1. Among those defenses listed in Code § 109A-3—305 as available even against a holder in due course, subsection (2) (b) referring to "such . . . illegality of the transaction as renders the obligation of the party a nullity" refers to those defects which render the instrument void, not merely voidable. 2 Anderson Uniform Commercial Code 861, § 3-305:17. Examples of this type of illegality are a gambling debt, the contract being entirely void as against public policy, or a transaction regarding the sale of stolen property. See in the latter connection *Middle Ga. Livestock Sales v. Commercial Bank &c. Co.,* 123 Ga. App. 733 (182 SE2d 533). A contract to have improvements made on one's property is not illegal, and does not come within this exception even though the contract is itself obtained by fraud amounting to a crime.

2. As against a holder in due course, the misrepresentations stated in Code § 109A-3—305 (2) (c) which are used to procure a contract otherwise legal in its character amount to a defense only where sufficient to induce the opposite party to "sign the instrument with neither knowledge of its character or its essential terms," as, for example, where there is a substitution of instruments unknown to the maker. Fraudulent misrepresentations which induce the execution of an otherwise valid contract render it voidable but not void and consequently do not constitute a defense as against a holder in due course. Citizens National Bank of Englewood v. Fort Lee Savings & Loan Assn., 213 A2d 315 (N. J.); City Nat. Bank of Ft. Smith, Ark. v. Vanderboom, 290 FSupp. 592; Marine Midland Trust Co. of Rochester v. Blackburn, 271 NYS2d 388. This accords with *Moore v. Southern Discount Co.,* 107 Ga. App. 868, 870 (132 SE2d 101), a case decided on facts prior to the enactment of the UCC, where the court, holding that the defense of fraud in the procurement is not available against the holder in due course of a negotiable instrument, added the observation: "Apparently (though

we make no ruling now on the matter), the rule would be kept in force by the Uniform Commercial Code."

3. Brazil entered into a contract with the payee of the check under consideration to make improvements on his home. Pursuant to this contract he gave the check in question to the payee because of the latter's false representation that he had already purchased certain materials to be used in executing the contract. The same day, the appellant bank cashed the check. Soon thereafter the maker, discovering that no material had been purchased, stopped payment, and the drawee on this basis refused payment. It is admitted by the parties that the appellant bank is a holder in due course. Under these circumstances the defense of fraudulent misrepresentation is personal. This is true whether or not the misrepresentations were sufficient to render the original payee guilty of the crime of theft by deception.

The trial court erred in denying the appellant's motion for summary judgment, and in granting summary judgment to the appellee.

*Judgment reversed. Stolz and Webb, JJ., concur.*

SUBMITTED FEBRUARY 15, 1977 — DECIDED FEBRUARY 24, 1977.

*Long, Denton & Spencer, C. G. Spencer,* for appellant.

*Walter H. New,* for appellee.