A93A0119. SCHUSTER v. CIC-UNION EUROPEENE INTERNATIONAL.
(431 SE2d 378)

McMURRAY, Presiding Judge.

Plaintiff instituted an action against defendant seeking $6,499.35 principal, plus interest and attorney fees pursuant to a note. Defendant answered, denying liability, and counterclaimed, alleging that he executed the note to purchase real estate interests in R-Ranch One, Ltd.; that he was fraudulently induced to purchase the real estate interests; that plaintiff acquired knowledge of the fraud; and that he is entitled to rescind his purchase and the note. In answers to interrogatories, defendant elaborated upon his counterclaim by stating the following: "The R-Ranch One, Ltd., sold property interests as an investment with the promise that certain amenities would be added thus adding to the real property's value. As such, the sale was a security, as the defendant would have no participation in management of the property."

Plaintiff moved for summary judgment, demonstrating that it purchased the note and a deed to secure debt for value from R-Ranch One, Ltd., on July 31, 1986; that defendant regularly made payments on the note; that defendant last made a payment on the note on June 15, 1987; and that defendant was indebted to plaintiff pursuant to the note in the amount of $6,499.35 principal, plus interest and attorney fees. The trial court awarded summary judgment to plaintiff in the amount of $6,499.35 principal, $4,158.69 interest, $674.93 attorney fees and costs. Defendant appeals. In his sole enumeration of error, defendant asserts a genuine issue of material fact exists as to whether the "interest purchased by [defendant] was a security. . . ." *Held*:

Assuming, arguendo, that defendant purchased a security interest from R-Ranch One, Ltd., see *Fortier v. Ramsey*, 136 Ga. App. 203 (220 SE2d 753), we nevertheless affirm the grant of summary judgment. Why? Because plaintiff was a holder in due course. OCGA

§ 11-3-302; see *Verner v. McLarty*, 213 Ga. 472, 475-476 (99 SE2d 890) (purchaser who acquires note and deed to secure debt can be holder in due course), overruled on other grounds, *Ward v. Watkins*, 219 Ga. 629 (135 SE2d 421). Thus, plaintiff took the note free of the fraudulent inducement defense raised by defendant. *Citizens Nat. Bank of Quitman v. Brazil*, 141 Ga. App. 388 (233 SE2d 482). See also *Milligan v. Gilmore Meyer, Inc.*, 775 FSupp. 400 (S.D. Ga. 1991); *Massey-Ferguson Credit Corp. v. Wiley*, 655 FSupp. 655 (M.D. Ga. 1987).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993 —
RECONSIDERATION DENIED MAY 13, 1993 ▮

*Robert S. Devins*, for appellant.
*Clark & Mascaro, William E. Armstrong*, for appellee.